RECEIVED
IN MONROE, LA
JUL 2 4 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 04-30057-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EDDIE NELSON RUIZ | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 37] filed by Eddie Nelson Ruiz ("Ruiz"). On June 12, 2007, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 56] recommending that Ruiz's motion be denied. Having considered the Report and Recommendation and Ruiz's objections thereto and having conducted a de novo review of the record in this matter, the Court agrees with and adopts the Report and Recommendation with the following exception.

In part, Ruiz contends that his sentence should be vacated because of ineffective assistance of counsel prior to and at sentencing.[1] Ruiz argues that his counsel should have objected under United States v. Booker, 543 U.S. 220 (2005), because he was given a two-level enhancement based on a laboratory determination that the methamphetamine found in his possession was 90% pure and thus considered ice under the United States Sentencing Commission Guidelines ("Guidelines").

---

[1] Ruiz also contends that his counsel was ineffective post-sentencing by failing to file an appeal.

Magistrate Judge Hayes properly points out that Ruiz was not sentenced under a mandatory application of the Guidelines. She states that "Ruiz was sentenced under the post-Booker advisory Guidelines system. This is evidence[d] not only from the post-Booker timing of Ruiz's sentencing and the lack of any indication in the sentencing transcript that the Judge considered the Guidelines mandatory, but also **by the Judge's decision to depart downward from the guidelines sentencing range in Ruiz's case.**" [Doc. No. 56, p. 12] (emphasis added).

The Court agrees with Magistrate Judge Hayes that Ruiz was sentenced under an advisory application of the Guidelines. However, the Court notes only that it would have departed downward from the Guidelines range in this case whether Ruiz was sentenced pre- or post-Booker because the Court did so pursuant to U.S.S.G. § 5K1.1, a Government's motion for downward departure on the basis of substantial assistance. A 5K1.1 motion was a basis for departure from a Guidelines range even under the pre-Booker mandatory application of the Guidelines.

Nevertheless, the Court finds that this exception does not affect Magistrate Judge Hayes' analysis of Ruiz's claims and otherwise ADOPTS her Report and Recommendation.

MONROE, LOUISIANA, this 24 day of July, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

2